UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CYNDI RHODES a/k/a CYNTHIA D. RHODES,<br><br>Plaintiff,<br><br>v.<br><br>HSBC BANK USA N.A. as Trustee for DEUTSCHE ALT-A SECURITIES MORTGAGE LOAN TRUST--SERIES 2007-OA3 Mortgage Pass-Through Certificates, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., RECONTRUST COMPANY, N.A.,<br><br>Defendants. | CASE NO. C11-5303RJB<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, PLAINTIFF'S THIRD AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER, AND PLAINTIFF'S MOTION NFOR LEAVE TO AMEND COMPLAINT |

This matter comes before the court on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. 30), plaintiff's Third Amended Motion for Temporary Restraining Order (Dkt. 33), and plaintiff's Motion for Leave to Amend Complaint (Dkt. 35). The court has considered the relevant documents and the remainder of the file herein.

ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, PLAINTIFF'S THIRD AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER, AND PLAINTIFF'S MOTION NFOR LEAVE TO AMEND COMPLAINT- 1

## PROCEDURAL HISTORY

On April 19, 2011, plaintiff filed the original complaint. Dkt. 1. On April 21, 2011, after reviewing the complaint, the court notified plaintiff of the deficiencies in the complaint and afforded her the opportunity of filing an amended complaint. Dkt. 4.

On May 2, 2011, plaintiff filed a Verified Amended Complaint for Declaratory and Injunctive Relief (amended complaint), seeking to restrain the Trustee's sale of property. Dkt. 15. The amended complaint names the following defendants: HSBC Bank USA N.A. as Trustee, for Deutsche Alt-A Securities Mortgage Loan Trust—Series 2007-OA3 Mortgage Pass-Through Certificates (HSBC); Mortgage Electronic Registration Systems Inc. (MERS); and Recontrust Company N.A. (Recontrust).

On May 2, 2011, plaintiff filed an amended motion for temporary restraining order (Dkt.16) and an amended motion for preliminary injunction (Dkt. 19). On May 5, 2011, the court denied plaintiff's amended motion for a temporary restraining order. Dkt. 21. On May 23, 2011, plaintiff withdrew her motion for a preliminary injunction. Dkt. 28.

On June 1, 2011, defendants filed a motion to dismiss plaintiff's amended complaint. Dkt. 30.

On June 17, 2011, plaintiff filed Plaintiff's Third Amended Motion for Temporary Restraining Order (TRO) (Dkt. 33) and Plaintiff's Motion for Leave to Amend Complaint (Dkt. 35).

## AMENDED COMPLAINT

The court has attempted to construe the allegations in favor of plaintiff, by reviewing the amended complaint and documents appended to the amended complaint.

ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, PLAINTIFF'S THIRD AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER, AND PLAINTIFF'S MOTION NFOR LEAVE TO AMEND COMPLAINT- 2

The amended complaint appears to allege as follows:

1. Plaintiff held clear title on residential property located in Kelso, Washington, until March 9, 2007. *See* Dkt. 15, at 13.

2. On March 7, 2007, plaintiff executed a Promissory Note for $121,840. Dkt.15, at 5. Countrywide was the lender on the Promissory Note. *See* Dkt. 15, at 15.

3. On March 9, 2007, plaintiff executed a Deed of Trust, naming Stewart Title as the Trustee, MERS as the nominee for the lender and the lender's successors and assigns, and MERS as the beneficiary under the Deed of Trust. Dkt. 15, at 15-16. I

4. Plaintiff's "loan" was transferred to Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA3, Mortgage Pass-Through Certificates (Deutsche) "through a series of unrecorded assignments", and the loan is "located in that Trust". Amended complaint, Dkt. 15, at 5.

5. Countrywide did not actually lend its own funds to plaintiff. Amended complaint, Dkt. 15, at 5-6.

6. On March 25, 2010, MERS assigned the beneficial interest under the Deed of Trust, "together with the note or notes therein" to HSBC Bank, as Trustee of the Deutsche Alt-A Mortgage Loan Trust, Series 2007-OA3 Mortgage Pass-Through Certificates. Dkt. 15, at 31.

7. On March 31, 2010, MERS, as "present beneficiary", "caused the resignation of the present trustee by request", and appointed Recontrust as successor Trustee. Dkt. 15, at 33.

8. On February 3, 2010, BAC Home Loans Servicing filed a Notice of Trustee's Sale on behalf of Recontrust, scheduling a Trustee sale for May 6, 2011. Dkt. 15, at36.

ORDER ON DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT, PLAINTIFF'S THIRD AMENDED
MOTION FOR TEMPORARY RESTRAINING
ORDER, AND PLAINTIFF'S MOTION NFOR
LEAVE TO AMEND COMPLAINT- 3

The amended complaint requests that the court issue a declaratory judgment, declaring that defendants do not have legal standing, legal ownership, or equitable interest in the Note or Deed of Trust; and that the non-judicial foreclosure is void and/or barred because MERS failed to adequately and properly convey the beneficial interest of plaintiff's loan.  Plaintiff requests that the court issue a temporary, preliminary, and permanent injunction of the Trustee's sale. Dkt. 15, at 9.

### 1. MOTION TO DISMISS

**Motion.**  On June 1, 2011, defendants filed a motion to dismiss plaintiff's amended complaint, contending that (1) there is no viable claim regarding the assignment of the Deed of trust and Note from MERS to HSBC; (2) plaintiff has failed to allege that there is an actionable non-disclosure by defendants; (3) no controversy exists supporting plaintiff's claim for declaratory relief; and (4) plaintiff has no basis for injunctive relief because she has not stated a viable claim for relief, and because plaintiff has not alleged that she has made or is capable of making payments required under RCW 61.24.130.  Dkt. 30.

On June 17, 2011, plaintiff filed a response in opposition to the motion to dismiss, arguing that (1) plaintiffs' debt/obligation is *res judicata* because it was discharged in bankruptcy on January 20, 2011; and (2) defendants do not have the right to foreclose on the property.  Dkt. 32.

**Legal Standard.** Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed. R. Civ. P. 12 (b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.

ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, PLAINTIFF'S THIRD AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER, AND PLAINTIFF'S MOTION NFOR LEAVE TO AMEND COMPLAINT- 4

1 *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint
2 attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a
3 plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels
4 and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell*
5 *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*internal citations omitted*).

6      Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient
7 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*
8 *v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(*citing Twombly*, at 570). A claim has "facial plausibility"
9 when the party seeking relief "pleads factual content that allows the court to draw the reasonable
10 inference that the defendant is liable for the misconduct alleged." *Id*. First, "a court considering
11 a motion to dismiss can choose to begin by identifying pleadings that, because they are no more
12 than conclusions, are not entitled to the assumption of truth." *Id.*, at 1950. Secondly, "[w]hen
13 there are well-pleaded factual allegations, a court should assume their veracity and then
14 determine whether they plausibly give rise to an entitlement to relief." *Id.* "In sum, for a
15 complaint to survive a motion to dismiss the non-conclusory factual content, and reasonable
16 inferences from that content must be plausibly suggestive of a claim entitling the pleader to
17 relief." *Moss v. U.S. Secret Service,* 2009 WL 2052985 (9th Cir. July 16, 2009).

18      A court may consider material which is properly submitted as part of the complaint on a
19 motion to dismiss without converting into a motion for summary judgment. *Lee v. City of Los*
20 *Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Where the documents are not physically attached to
21 the complaint, they may be considered if the documents' "authenticity ... is not contested" and
22 "the plaintiff's complaint necessarily relies" on them."*Parrino v. FHP, Inc.,* 146 F.3d 699, 705-
23 06 (9th Cir. 1998)). Further, pursuant to Fed. R. Evid. 201, a court may take judicial notice of

24 ORDER ON DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT, PLAINTIFF'S THIRD AMENDED
MOTION FOR TEMPORARY RESTRAINING
ORDER, AND PLAINTIFF'S MOTION NFOR
LEAVE TO AMEND COMPLAINT- 5

1  "matters of public record" without converting a motion to dismiss into a motion for summary

2  judgment. *Mack v. South Bay Beer Distrib., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986). A court

3  may not, however, take judicial notice of a fact that is subject to reasonable dispute. Fed. R.

4  Evid. 201(b). Plaintiff attached the Statutory Warranty Deed, Deed of Trust, Corporation

5  Assignment of Deed of Trust, Appointment of Successor Trustee, and Notice of Trustee Sale to

6  her amended complaint. Further, the amended complaint necessarily relies on these documents.

7  Accordingly, the court has considered these documents in ruling on this motion to dismiss. The

8  court has also considered the documents filed in plaintiff' bankruptcy case, *In re Rhodes*, Petition

9  No. 10-40434-PBS WDWA.

10  **Discussion.**

11  *MERS' Authority to Assign Beneficial Interest under Deed of Trust to HSBC*

12  In March of 2007, plaintiff executed the Deed of Trust in favor of MERS as beneficiary.

13  *Id.* ¶ 13. When plaintiff signed the Deed of Trust, she consented to MERS' role in the

14  transaction, including:

15  > [MERS'] right: to exercise any or all of those interests [of the Lender or its successors and assigns], including, but not limited to, the right to foreclose and sell the Property; and
16  > to take any action required of the Lender including, but not limited to, releasing and cancelling this security instrument.
17

18  *Id.,* Ex. B at 3. Thus, by the plain language of the Deed of Trust, MERS possessed the

19  authority to assign the beneficial interest to HSBC Bank.

20  Plaintiff apparently alleges that, by operation of law, MERS could not be a beneficiary

21  under the Deed of Trust. Plaintiff's claims regarding the role of MERS under the Washington

22  Deed of Trust Act is similar to other claims that have been rejected in past cases brought in this

23  district. *See. Daddabbo v. Countrywide Home Loans, Inc.*, 2010 WL 2102485 (W.D. Wash.

1  2010); *Vawter v. Quality Loan Service Corp. Of Washington*, 707 F.Supp.2d 1115, 1125-1126

2  (W.D. Wash. 2010).

3  In *Vawter*, U.S. District Judge James Robert granted judgment on the pleadings to the

4  defendants where the plaintiffs alleged that "MERS['] assignment of its beneficial interest to [the

5  Defendant] had no actual effect because MERS had no interest to assign." *Id.* at 1125. The Court

6  held that "[plaintiffs'] assertion that MERS does not ever acquire a beneficial interest in

7  mortgage loans is a legal conclusion rather than a factual allegation," and insufficient to survive

8  a motion for judgment on the pleadings. *Id.* at 1126. *See also Cebrun v. HSBC Bank USA, N.A.*,

9  2011 WL 321992, at *3 (W.D. Wash. 2011) ("[Plaintiffs'] claims regarding MERS not being a

10 beneficiary under the security instrument [are] without merit. . . the Cebruns acknowledge that

11 'MERS is the beneficiary under this Security Instrument.' [as dictated by the terms of the Deed

12 of Trust they affixed to their Complaint]").

13 The court concurs with the reasoning and conclusions set forth in . *Daddabbo, Vawter*

14 and *Cebrun*. MERS had the authority to act as a beneficiary under a Deed of Trust where such

15 authority was explicitly granted by plaintiff upon execution of the instrument. In this case,

16 plaintiff specifically agreed to MERS' role as beneficiary under the Deed of Trust she signed.

17 Her allegations that MERS did not have that authority do not state a claim for relief.

18 *Non-Disclosure by Countrywide*. The amended complaint alleges that Countrywide

19 "failed to disclose all affiliated business arrangements regarding Plaintiff's loan, hence, Plaintiff

20 is in doubt and is uncertain as to her rights under the Note and Deed of Trust Contracts; her legal

21 rights and relations with respect to such contracts have been apparently altered by the actions of

22 the Defendants; and Plaintiff is legally entitled, through this action for Declaratory Relief, to

23 have such doubt and uncertainty removed." Dkt. 15, at 8.  Any claim based upon this allegation

24 ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, PLAINTIFF'S THIRD AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER, AND PLAINTIFF'S MOTION NFOR LEAVE TO AMEND COMPLAINT- 7

1  fails to state a claim.  Countrywide is not a defendant in this case.  Plaintiff has not identified the
2  specific disclosure withheld.  Plaintiff's rights and responsibilities under the Note and Deed of
3  Trust are governed by those documents. Plaintiff has not alleged a basis for her claim that any of
4  the defendants was required to disclose business relationships to her.  Plaintiff included the Note
5  and Deed of Trust with her amended complaint; she has not stated a claim that she is unclear
6  about her responsibilities, given that those rights and responsibilities are governed by these
7  documents.  Plaintiff has not stated a claim for defendants' alleged failure to disclose
8  information.

9      *Discharge in Bankruptcy*.  In her response to the motion to dismiss, plaintiff claims that
10  she has no obligations under the Note or Deed of Trust because her obligations were discharged
11  in bankruptcy on January 20, 2011. *See  In re Rhodes*, Petition No. 10-40434-PBS WDWA.

12      A security agreement is an agreement that creates or provides for a security interest.  11
13  U.S.C. § 101(50).  A security interest is a lien created by an agreement.  11 U.S.C. § 101(51).  A
14  lien is a charge against or interest in property to secure payment of a debt or performance of an
15  obligation.  11 U.S.C. § 101(37).

16      The Note plaintiff executed is an agreement to pay a debt.  The Deed of Trust is an
17  agreement that creates a security interest.  The Deed of Trust creates a lien on the property to
18  secure payment of the debt under the Note.

19      "[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an
20  action against the debtor *in personam*—while leaving intact another—namely, an action against
21  the debtor *in rem*." *Dewsnup v. Timm*, 502 U.S. 410, 418 (1992) (quoting *Johnson v. Home State*
22  *Bank*, 501 U.S. 78, 84 (1991)).   See 11 U.S.C. § 524(a)(2) (a discharge operates to enjoin
23  creditors from collecting on debts as a personal liability of the debtor).

24  ORDER ON DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT, PLAINTIFF'S THIRD AMENDED
MOTION FOR TEMPORARY RESTRAINING
ORDER, AND PLAINTIFF'S MOTION NFOR
LEAVE TO AMEND COMPLAINT- 8

While plaintiff may have received a discharge in her bankruptcy proceedings, that discharge only extinguished a claim against her personally. An action against the property—a proceeding *in rem*—was not extinguished by the bankruptcy discharge. In fact, plaintiff was notified in the discharge that "a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case." *In re Rhodes*, Petition No. 10-40434-PBS WDWA, Dkt. 36, at 2. Accordingly, plaintiff's claim that the Trustee is foreclosed from conducting a Trustee's sale of the property, as a result of her discharge in bankruptcy, is without merit.

*Declaratory Relief.* To establish a claim for declaratory relief, there must be a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Marin v. Lowe*, 8 F.3d 28 (9th Cir. 1993). Unless an actual controversy exists, the district court is without power to grant declaratory relief. *See Daines v. Alcatel, S.A.*, 105 F. Supp. 2d 1153, 1155 (E.D. Wa. 2000) (quoting *Garcia v. Brownell*, 236 F.2d 356, 357-58 (9th Cir. 1956)). As discussed above, Plaintiff's contentions regarding the assignment by MERS to HSBC Bank are without merit. Moreover, she has offered no other allegations demonstrating the existence of a "substantial controversy." Accordingly, plaintiff has not stated a claim for declaratory relief.

*Injunctive Relief.* Plaintiff requests that the court enjoin the trustee's sale, pursuant to the Washington Deed of Trust Act (DTA), RCW 61.24.130. The claims plaintiff alleges in her amended complaint are without merit. Further, RCW 61.24.130 requires a plaintiff seeking to enjoin a Trustee's sale to pay to the clerk of the court the sums that would be due on the obligation if the deed of trust were not being foreclosed. *See* RCW 61.24.130(a). Plaintiff does

ORDER ON DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT, PLAINTIFF'S THIRD AMENDED
MOTION FOR TEMPORARY RESTRAINING
ORDER, AND PLAINTIFF'S MOTION NFOR
LEAVE TO AMEND COMPLAINT- 9

1 not allege that she has made or is capable of making those payments. For these reasons, plaintiff
2 is not entitled to injunctive relief.

3 **2. MOTION FOR TEMPORARY RESTRAINING ORDER**

4 On June 17, 2011, plaintiff filed a motion for a temporary restraining order, requesting
5 that the court enjoin Recontrust from conducting a trustee's sale on July 15, 2011. On July 14,
6 2011, plaintiff withdrew the motion for a temporary restraining order, on the basis that the
7 defendants had postponed the Trustee's sale until August 15, 2011. Dkt. 44. Accordingly,
8 plaintiff's motion for a temporary restraining order should be stricken.,

9 **3. MOTION FOR LEAVE TO AMEND COMPLAINT**

10 On June 17, 2011, plaintiff filed a Motion for Leave to Amend Complaint. Dkt. 35.
11 Plaintiff attached the "Purposed [sic] Second Amended Verified Complaint" (second amended
12 complaint) to her motion. The second amended complaint alleges claims under the Real Estate
13 Settlement and Procedures Act (RESPA), 12 U.S.C. § 2614; the Fair Debt Collection Practices
14 Act (FDCPA), 15 U.S.C. § 1692; the Washington Deed of Trust Act, RCW 61.24; and the
15 Washington Consumer Protection Act CPA), RCW 19.86.
16 On July 8, 2011, defendants filed a response, opposing the motion to file a second
17 amended complaint. Dkt. 39. Defendants contend that the second amended complaint does not
18 state claims for violation of any of the statutes upon which plaintiff bases her claims. Dkt. 39.
19 In deciding whether the grant a motion to amend, the court considers a number of factors,
20 including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by
21 amendments previously allowed, undue prejudice to opposing parties, harm to the movant if
22 leave is not granted, and futility of the amendment. *Foman v. Davis*, 37 U.S. 178, 182 (1962);
23 *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997).

24 ORDER ON DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT, PLAINTIFF'S THIRD AMENDED
MOTION FOR TEMPORARY RESTRAINING
ORDER, AND PLAINTIFF'S MOTION NFOR
LEAVE TO AMEND COMPLAINT- 10

The second amended complaint alleges that, on March 23, 2010, plaintiff received an offer from Recontrust, which represented itself to plaintiff as a "third party debt collection agent" for BAC Home Loans Servicing; that Recontrust offered to plaintiff that she be bound by the FDCPA and "provide verification of the debt"; that plaintiff accepted the offer but never received verification of the debt. Dkt. 35-1. Plaintiff alleges that her debts were discharged in bankruptcy on January 20, 2011, but "Defendants have not verified that the debt they are attempting to collect is the same debt that was discharged". Dkt. 35-1. As discussed above, although plaintiff may have received relief in bankruptcy from an action against her personally, the bankruptcy action did not discharge an action against the property.

Plaintiff contends that she sent a Qualified Written Request to "the purported loan servicer" for HSBC Bank, but has not received a response. She claims that a response is required by 12 U.S.C. § 2605(e), and that, therefore, defendants violated RESPA. Plaintiff has not alleged facts sufficient to state a claim for relief on RESPA grounds, nor has she alleged that she sustained any damages as a result of her allegation that she did not receive a response from some unidentified entity. *See Daddabbo v. Countrywide Home Loans, Inc.*, 2010 WL 2102485, *5 (W.D. Wash.2010). Plaintiff has not alleged that she paid monies due on the Note, that the amounts paid were not properly credited, or that there were other problems when there was a transfer of loan servicing.

Plaintiff contends that defendants are equitably stopped from collecting on the debt because she timely accepted the offer of Recontrust to provide verification of the debt, pursuant to the FDCPA. As discussed above, the discharge in bankruptcy does not prevent foreclosure on property. This claim does not state a claim for relief.

ORDER ON DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT, PLAINTIFF'S THIRD AMENDED
MOTION FOR TEMPORARY RESTRAINING
ORDER, AND PLAINTIFF'S MOTION NFOR
LEAVE TO AMEND COMPLAINT- 11

1    Plaintiff contends that she has not seen the purported Note that defendants are relying on
2 as a basis to foreclose, that she disputes the purported Note; and that there is no evidence that the
3 Note was ever "endorsed over to any of the Defendant(s)". Dkt. 35-1, at 9.

4    The Washington Deed of Trust Act (DTA), RCW 61.24 *et seq.*, does not require a lender
5 to produce the original Note. *See also Broaught v. Tarabochia*, 104 Wn.App. 728, 731-35
6 (2001)(enforcing Note despite failure to produce original). Other District Courts have rejected
7 the "show me the Note" argument. *See Vawter v. Quality Loan Serv. Corp. Of Wash.*, 717
8 FSupp.2d at 1127; *Diessner v. Mortgage Electronic Registration Systems*, 618 F.Supp.2d 1184,
9 1187 (D.Ariz.2009)(collecting cases); *Freeston v. Bishop, White & Marshall*, 2010 WL 1186276
10 (W.D. Wash. 2010); *Wallis v. IndyMac Fed.Bank,* 2010 WL 2342530, *5 (W.D. Wash. 2010).

11    Plaintiff alleges that Defendants failed to comply with the DTA because the true
12 beneficiary is unknown. As discussed above with regard to the Motion to Dismiss, the claim
13 regarding the ability of MERS to transfer a beneficial interest, and as set forth in regard to the
14 facts of the transactions at issue, this claim is unsupported by the facts and without merit.

15    Plaintiff contends that there was an erroneous appointment of a successor trustee; that
16 there was an erroneous assignment of the Deed of Trust; and that she is entitled to declaratory
17 relief regarding MERS. These claims have been addressed in the Motion to Dismiss above.
18 They are without merit.

19    Plaintiff mentions the CPA, the "Usury Statute; and the Fair Credit Reporting Act in the
20 second amended complaint. However, she makes no factual allegations supporting any of these
21 claims.

22

23
24 ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, PLAINTIFF'S THIRD AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER, AND PLAINTIFF'S MOTION NFOR LEAVE TO AMEND COMPLAINT- 12

1    Because plaintiff filed this complaint *pro se*, the court has construed the pleadings

2 liberally and has afforded plaintiff the benefit of any doubt.  *See Karim-Panahi v. Los Angeles*

3 *Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

4    On April 21, 2011, the court reviewed the original complaint, identified deficiencies in

5 the complaint, and permitted plaintiff to file an amended complaint.  Dkt. 4.  On May 2, 2011,

6 plaintiff filed the first amended complaint.  Dkt. 15.  The amended complaint does not state a

7 claim.

8    Plaintiff has failed to cure deficiencies, even after the court notified her of the

9 deficiencies.  The proposed second amended complaint alleges claims that are futile.  Permitting

10 plaintiff to continue to file amended complaints that include meritless or frivolous claims, in an

11 attempt to delay forclosure proceedings, is unwarranted, and is prejudicial to defendants, who

12 have been prevented from exercising their rights under the law regarding foreclosure. The court

13 should deny plaintiff's motion to file a second amended complaint.

14    Accordingly, it is hereby **ORDERED** that Defendants' Motion to Dismiss Plaintiff's

15 First Amended Complaint (Dkt. 30) is **GRANTED**.  Plaintiff's claims are **DISMISSED**.

16 Plaintiff's Third Amended Motion for Temporary Restraining Order (Dkt. 33) is **STRICKEN**.

17 Plaintiff's Motion for Leave to Amend Complaint (Dkt. 35) is **DENIED**.  This case is

18 **DISMISSED**.

1     The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2 to any party appearing *pro se* at said party's last known address.
3     Dated this 26th day of July, 2011.

*[signature]*

ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT, PLAINTIFF'S THIRD AMENDED MOTION FOR TEMPORARY RESTRAINING ORDER, AND PLAINTIFF'S MOTION NFOR LEAVE TO AMEND COMPLAINT- 14